UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMBER FERGUSON

    Plaintiff,

vs.                                            Case No. 6:19-cv-1264-ORL-37LRH

WAYNE IVEY, in his official capacity as
Sheriff of Brevard County, Florida

    Defendant.
_____/

## MEMORANDUM IN SUPPORT OF DEFENDANT'S BILL OF COSTS

Defendant, WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida ("Sheriff"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1920(3), 28 U.S.C. § 1923(a), and Fed. R. Civ. P. 54(d), hereby files the attached Bill of Costs and the following Memorandum of Law in support thereof.

1. Plaintiff, AMBER FERGUSON, filed her Third Amended Complaint on November 8, 2019, alleging five causes of action: Title VII gender/pregnancy discrimination, Title VII retaliation, ADA discrimination, ADA retaliation, and ADA coercion. (Doc. 36).

2. The Court dismissed Plaintiff's ADA discrimination and ADA retaliation claims with prejudice on March 26, 2020. (Doc. 43).

3. The Court granted summary judgment to the Sheriff on Plaintiff's remaining claims on July 2, 2021. (Doc. 63).

1

4. The Clerk entered judgment in favor of the Sheriff on July 2, 2021. (Doc. 64).

5. As the prevailing party, the Sheriff is entitled to recover costs incurred from defending against Plaintiff's claims pursuant to Fed. R. Civ. P. 54(d).

6. Exhibit A contains an itemized Bill of Costs and supporting documentation of the costs which the Sheriff seeks to recover.

7. The costs detailed in Exhibit A are recoverable pursuant to 28 U.S.C. § 1920.

WHEREFORE, the Sheriff respectfully requests that the Clerk tax costs against Plaintiff.

## MEMORANDUM OF LAW

1. <u>There is a presumption in favor of awarding the Sheriff costs in this matter.</u>

Fed. R. Civ. P. 54(d) specifically states that "costs—other than attorney's fees—should be allowed to the prevailing party." The Eleventh Circuit has held that this operates to create "a presumption in favor of awarding costs to the prevailing party" which the losing party must overcome. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991); *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981).

The Sheriff is the prevailing party in this action because the Court granted Defendant's Motion to Dismiss and Defendant's Motion for Summary Judgment, and entered judgment in favor of the Sheriff on all Plaintiff's claims. The Court has limited discretion and must articulate a sound basis for not awarding all recoverable costs incurred by the Sheriff "since denial of costs is in the nature of a penalty." *Hall v.*

2

*Merola*, No. 3:15-cv-1054-J-39PDB, 2020 WL 7047704, (M.D. Fla. Dec. 1, 2020) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1038-39 (11th Cir. 2000)).

Compensable costs include fees for printed or electronically recorded transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920(2). The costs sought by the Sheriff are presumptively recoverable and should be awarded because they fall into this category.

2. Defendant is entitled to recoverable costs pursuant to Rule 54(d) and 28 U.S.C. § 1920

Costs associated with depositions are recoverable, and the Eleventh Circuit favors allowing deposition costs so long as they were "reasonably necessary." *Blickley v. Ford*, 2011 WL 1376102 (M.D. Fla. 2011) (citing *E.E.O.C v. W & O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000)). Costs for deposition transcripts include fees of the court reporter and transcription fees. *Rademakers v. Scott*, No. 2:07-cv-178, 2009 WL 1514630 (M.D. Fla. May 28, 2009) (holding that although court reporter fees are not expressly listed in § 1920, reimbursement of court reporter fees and transcript costs are recoverable).

The Sheriff seeks reimbursement in the amount of **$1,152.10** incurred from the depositions of Amber Ferguson, Tracy Jeffreys, and Michael Lewis. "Costs for transcriptions of depositions conducted in support of a motion for summary judgment or depositions conducted of witnesses listed on a party's witness list are exemplary of the costs recoverable under § 1920(2)." *Madden v. Fid. Nat. Info. Servs, Inc.*, No. 8:13-CV-1316-T-35, 2014 WL 5039542, at *3 (M.D. Fla. Oct. 6, 2015) (*citing Family Oriented*

3

*Cmty. United Strong, Inc. v. Lockheed Martin Corp.,* No. 8:11–cv–217–T–30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012)). Here, Defendant relied on the deposition of Amber Ferguson in support of summary judgment, and Michael Lewis and Tracy Jeffreys were listed as witnesses in Plaintiff's Rule 26 disclosures. Thus, the costs associated with the transcription of all three depositions are recoverable.

3. Conclusion

Based on the foregoing, Defendant respectfully requests that the Court award costs in the amount of **$1,152.10**, which Defendant has expended as the prevailing party in this action.

July 16, 2021                                             Respectfully submitted,

*/s/ Susan Potter Norton*
Susan Potter Norton
Florida Bar No. 0201847
Marc A. Sugerman
Florida Bar No. 0081876
ALLEN, NORTON & BLUE, P.A.
1477 W. Fairbanks Ave., Suite 100
Winter Park, FL 32789
(407) 571-2152, (407) 571-1496 (fax)
snorton@anblaw.com
msugerman@anblaw.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to counsel of record.

*/s/ Susan Potter Norton*
Attorney

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | |
|---|---|---|
| AMBER FERGUSON | ) | |
| v. | ) | Case No.: 6:19-cv-1264-Orl-37LRH |
| WAYNE IVEY | ) | |
| | ) | |

## BILL OF COSTS

Judgment having been entered in the above entitled action on __07/02/2021__ against __AMBER FERGUSON__,
the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | 1,152.10 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Fees for witnesses *(itemize on page two)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . | |
| Other costs *(please itemize)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| TOTAL   $ | 1,152.10 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☑ Electronic service        ☐ First class mail, postage prepaid

☐ Other: _____

s/ Attorney:   Marc A. Sugerman

Name of Attorney:   Marc A. Sugerman

For:   WAYNE IVEY in his official capacity as Sheriff of Brevard County, Florida        Date:   07/06/2021
*Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of _____ and included in the judgment.

_____  By: _____  _____
*Clerk of Court*           *Deputy Clerk*              *Date*

AO 133  (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT

| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
|---|---|---|---|---|---|---|---|
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | TOTAL | | $0.00 |

Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees)

**NOTICE**

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
   "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
   "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
   Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

   When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

   Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.